## Case No. 9,816.

### MORLOT v. LAWRENCE.

[3 Blatchf. 122.] [1]

Circuit Court, S. D. New York. Dec., 1853.

CUSTOMS DUTIES—VALUE OF GOODS—APPRAISERS' VALUATION — TIME OF EXPORT — TIME OF PURCHASE.

Where, on an invoice of woollen goods from Paris, the appraisers took, as a guide to their valuation, the market price of the goods in the principal markets of France at the period of exportation, and, on their report, the value was raised 10 per cent. and more above the invoice value, and, for that cause, 50 per cent. on the amount of legal duties was added thereto, pursuant to section 17 of the act of August 30th, 1842 (5 Stat. 564), *held*, that under section 16 of the said act, the appraisers were required to appraise the goods at their value at the time of purchase, and that the appraisement was void, and that the duties on the increase in valuation, and the penalty, were illegally exacted.

[Cited in U. S. v. Doherty, 27 Fed. 733.]

This was an action brought in the supreme court of New York, to recover back an excess of duties, and a penalty imposed by the defendant [Cornelius W. Lawrence], as collector of the port of New York, on an invoice of fifteen cases of woollen goods, imported by the plaintiff [Charles Morlot]. It was removed into this court by certiorari.

The invoice was dated Paris, June 15th, 1845, and the entry was made at the custom-house, July 31st, 1845. On appraisement, the goods were valued at an average of 20¼ per cent. above the invoice prices, the appraisers, in valuing the various cases, putting the lowest difference at 10 $2/10$ per cent., and the highest at 35 $7/10$ per cent. They took the market price of the goods in the principal markets of France at the period of exportation to the United States, as a guide to their valuation. On the report of the appraisers, the value was raised 10 per cent. and more above the invoice value, and, for that cause, 50 per cent. on the amount of legal duties was added thereto, pursuant to section 17 of the act of August 30th, 1842 (5 Stat. 564). Against these charges a protest, with the proper distinctness and precision, was made in writing by the plaintiff, and he now sought to recover back all exacted of him beyond the legal duties on the invoice valuation.

BETTS, District Judge. The appraisement was void in law, and did not justify the defendant in imposing and exacting duties on a valuation higher than the invoice valuation, or in levying any additional duties thereto. The appraisers were required, by the 16th section of the act of August 30th, 1842 (5 Stat. 563), to appraise the goods at their value at the time of purchase, and the instructions of the secretary of the treasury did not authorize them to appraise the value at the time of exportation. The illegality having been specifically pointed out to the defendant by the

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

protest, he is liable for the exaction made under the appraisement.

Judgment for the plaintiff for the sum so paid, (the amount to be adjusted at the custom-house), together with interest.